J-S78004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARNELL KIRK RUTHERFORD, JR., | |
| Appellant | No. 931 WDA 2015 |

Appeal from the Judgment of Sentence Entered January 21, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008728-2013

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 30, 2016**

Appellant, Darnell Kirk Rutherford, Jr., appeals from the judgment of sentence of an aggregate term of 3½ to 7 years' incarceration, imposed after he was convicted of various offenses, including robbery of a motor vehicle.  Appellant challenges the sufficiency and weight of the evidence to sustain his convictions.  After careful review, we affirm.

We have examined the briefs of the parties, the certified record, and the applicable law.  We have also reviewed the thorough opinion of the Honorable Edward J. Borkowski filed on March 14, 2016.  In that decision, Judge Borkowski summarizes the pertinent facts and procedural history of Appellant's case, and then succinctly evaluates each of the issues (and

_____

[*] Former Justice specially assigned to the Superior Court.

various sub-claims) that Appellant raises on appeal. **See** Trial Court Opinion (TCO), 3/14/16, at 2-20.[1] We conclude that Judge Borkowsi's well-reasoned opinion accurately disposes of the issues presented by Appellant; thus, we adopt his rationale as our own and affirm Appellant's judgment of sentence on that basis.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2016

---

[1] We note that Judge Borkowski also addresses several sentencing claims that Appellant has abandoned on appeal. **See** TCO at 20-26. We express no opinion on the propriety of Judge Borkowski's decision on those issues, as they are not before us.

FILED

16 MAR 14 PM 3: 25

DEPT OF ... RECORDS
CRIMINAL DIVISION
ALLEGHENY COURT PA

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,          CRIMINAL DIVISION

APPELLEE,

V.

DARNELL RUTHERFORD,          CC NO.: 201308728

APPELLANT.

931 WDA 2015

**OPINION**

FILED BY:

THE HONORABLE
EDWARD J. BORKOWSKI

COPIES TO:
Scott Rudolf, Esq.
Office of the Public Defender
400 County Office Building
Pittsburgh, PA 15219

Michael Streily, Esq.
Office of the District Attorney
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,      CRIMINAL DIVISION

APPELLEE                           CC NO.: 201308728

V.

DARNELL RUTHERFORD,

APPELLANT.

OPINION

BORKOWSKI, J.

PROCEDURAL HISTORY

Appellant was charged by criminal information (CC 201308728) with one count each of: robbery (serious bodily injury);[1] robbery of a motor vehicle;[2] and theft from a motor vehicle;[3] one summary count of driving without a license; and one summary count of required financial responsibility.

Appellant proceeded to a jury trial on April 29-30, 2014, at the conclusion of which a mistrial was declared due to a hung jury.

Appellant proceeded to a second jury trial on October 27, 2014, at the conclusion of which Appellant was found guilty of all charges.

[1] 18 Pa. C.S. § 3701(a)(1)(i).
[2] 18 Pa. C.S. § 3702(a).
[3] 18 Pa. C.S. § 3934(a).

2

On January 21, 2015, Appellant was sentenced by the Trial Court to the following:

Count one: robbery (threaten serious bodily injury) – three to six years incarceration, followed by two years probation;

Count two: robbery of a motor vehicle – six to twelve months incarceration to be served consecutive to the period of incarceration imposed at count one.

Appellant's aggregate sentence was three years six months to seven years incarceration, followed by two years probation.

On January 28, 2015, Appellant filed a post sentence motion, which was denied by the Trial Court on May 19, 2015. This timely appeal follows.

## STATEMENT OF ERRORS ON APPEAL

Appellant's claims are set forth below exactly as Appellant presented them:

1. ***Insufficient Evidence of Robbery***. Appellant's conviction for the crime of 18 Pa.C.S. § 3701(a)(1)(i-ii) Robbery (Count I of Allegheny County Criminal Complaint No. 2013-08728) should be vacated due to the insufficiency of the evidence presented by the Commonwealth regarding the identity of the person that robbed Ms. Jennifer Zerbato on January 26, 2013. Although the Commonwealth did present some evidence suggesting that Appellant was that person, the evidence that it presented was not sufficient to permit a reasonable jury to be convinced, beyond a reasonable doubt, that Appellant was the perpetrator. Consequently, his Robbery conviction was imposed in violation of his Pa. Const. art. I § 9 and U.S. Const. amend XIV due process rights, and he will therefore ask the Superior Court to vacate that conviction.

3

2. *Insufficient Evidence of Robbery of Motor Vehicle.*
Appellant's conviction for the crime of 18 Pa.C.S. § 3702 Robbery of a Motor Vehicle (Count II of Allegheny County Criminal Complaint No. 2013-08728) should be vacated because of the Commonwealth's failure to present sufficient evidence establishing (A) that Appellant was the person who took the automobile possessed by Ms. Jennifer Zerbato on January 26, 2013, (B) that Ms. Zerbato was the owner of the car that was taken rather than merely its possessor, and (C) that whoever took the car knew or believed that Ms. Zerbato was the car's owner rather than a mere possessor of it (assuming *arguendo* that she was the owner). Given these deficiencies in the evidence, Appellant's Robbery of a Motor Vehicle conviction was imposed in violation of his Pa. Const. art. I § 9 and U.S. Const. amend. XIV due process rights, and he will ask the Superior Court to vacate that conviction.

3. *Insufficient Evidence of Theft from Motor Vehicle.*
Appellant's conviction for the crime of 18 Pa. C.S. § 3934 Theft from a Motor Vehicle (Count III of Allegheny County Criminal Complaint No. 2013-08728) should be vacated because of the Commonwealth's failure to present sufficient evidence establishing (A) that Appellant, rather than another person, took an automobile from Ms. Jennifer Zerbato on January 26, 2013; (B) that Appellant, rather than another person, removed certain items of moveable property (as specified in the Count III of the Criminal Complaint) *from* that car after it was taken; (C) that whoever stole the car referred do did so aware of the presence in that car of the specified items of moveable property said to have been stolen, or at least hoping that such items of moveable property would be present; and (D) whoever stole that car did so either intending to take possession of the specified items of moveable property in addition to taking possession of the car itself, Appellant will also argue that the mere theft of an automobile does not make the person who steals that automobile guilty *per se* of Theft From a Motor Vehicle with respect to any items found in that car, and that the taking of the items of moveable property found in Ms. Zembato's [sic] automobile, by whoever took that

4

automobile, was not established as having been beyond a reasonable doubt a voluntary act of possession by that person. In view of these evidentiary defects, Appellant's Theft from a Motor Vehicle conviction was imposed in violation of his Pa. Const. art. I § 9 and U.S. Const. amend. XIV due process rights, and he will consequently ask the Superior Court to vacate that conviction.

4. *Erroneous Denial of Appellant's New Trial Motion*. This Court abused its discretion when it denied Appellant's Pa.R.Crim.P. 720 Post-Sentence Motion seeking a new trial due to his convictions being against the weight of the evidence. [FN1: Appellant respectfully incorporates into this claim of error the points covered (a) in five paragraphs appearing on the first page-and-a-half of his January 28, 2015 Post-Sentence motion, and (b) in that portion of the PSM, appearing on the fourth and fifth pages of that motion, that follows the heading "The Verdicts Rendered were Contrary to the Weight of the Evidence ..." For the court's convenience, a copy of the PSM is appended to this Statement.] Appellant will ask the Superior Court to grant him a new trial on the grounds referred to in that portion of his Post-Sentence Motion in which the weight-of-the-evidence claim is asserted.

5. *Excessive Sentences Imposed*. This Court further abused its discretion when it imposed upon Appellant consecutive sentences of 36-to-72 months of imprisonment and 6-to-12 months of imprisonment, respectively, on his Robbery and Robbery of a Motor Vehicle convictions. Although both of those sentences were in their length sentences that fell within the ranges listed in the sentencing guideline, Appellant's case was one in which the totality of the circumstances (as identified by defense counsel at the sentencing hearing, *see* N.T. 01/21/15 at pp. 29-31, and in her post-sentence motion, *see* "Motion to Modify Sentence" portion of that motion) were such that it was clearly unreasonable for the court to impose guidelines-range sentences. Appellant will ask the Superior Court to vacate the sentences imposed and remand for a re-sentencing hearing at which lesser sentences are imposed.

5

6. *Consecutive Sentences were Inappropriate*. This Court's decision to impose consecutive sentences upon Appellant for the crimes of Robbery and Robbery of a Motor Vehicle, rather than concurrent sentences for those two crimes, also constituted an abuse of discretion. Concurrent rather than consecutive sentences should be imposed on convictions when, as here, there is a single victim, a single incident involving a single criminal act, and a single harm. Appellant will ask the Superior Court to vacate the sentences imposed and remanded for a re-sentencing hearing at which concurrent sentences are imposed.

7. *Erroneous Denial of Post-Sentence Motion Seeking Sentence Reduction*. The Court, finally, abused its discretion when it denied Appellant's post-sentence motion seeking a reduction in his sentence. [FN2: Appellant respectfully incorporates into this claim of error the points covered (a) in the five paragraphs of his January 28, 2015 Post-Sentence Motion found on the first page-and-a-half of that motion, and (b) in that portion of the PSM that follows the heading "Motion to Modify Sentence" (running from on the bottom half of the second page through the entire third page of that motion).] Appellant will ask the Superior Court to vacate the sentences imposed and remand for a re-sentencing hearing.

## FINDINGS OF FACT

On January 26, 2013, just before 7:30 P.M., Jennifer Zerbato parked her vehicle on Palo Alto Street, on the North Shore of the City of Pittsburgh. As she exited her vehicle, Appellant approached her from behind and asked her for the time. (T.T. 21-22).[4] Zerbato took her phone out of her pocket to check the time, told Appellant that the time was 7:30, and looked up to find a gun in her face. (T.T. 22-23). Appellant was standing within arms length of Zerbato. (T.T. 26).

---

[4] The designation "T.T." followed by numerals refers to Trial Transcript, October 27, 2014.

Appellant demanded, "Give me the money, give me the money." (T.T. 23). Zerbato froze, looking from Appellant's face to Appellant's gun, afraid to move. Appellant continued to demand money, and Zerbato gave Appellant her wallet. (T.T. 23, 26). Appellant next demanded her car keys, and Zerbato complied. (T.T. 23). Appellant, still holding Zerbato at gunpoint, demanded that Zerbato lay down on the ground. Zerbato immediately complied and lay down in the street where she had been standing, but Appellant told her "no," and pointed to the sidewalk. Zerbato stood up, moved to the sidewalk, and again lay down on her stomach and covered her head. (T.T. 23-24).

Appellant got into Zerbato's vehicle, and started the engine. Appellant stepped back out of the vehicle, placed the firearm against Zerbato's back as she lay facedown on the sidewalk, and demanded her cell phone. Zerbato, afraid that Appellant was going to shoot her for seeing his face, complied. Appellant returned to Zerbato's vehicle. He accelerated quickly in reverse, crashing into the vehicle parked behind Zerbato's vehicle, and then sped off in Zerbato's vehicle. (T.T. 23-24, 27).

Zerbato waited several minutes before standing up and running to a nearby house for help and to call the police. When police arrived on scene Zerbato provided a description of Appellant. (T.T. 27-28).

7

Zerbato's car was recovered on January 28, 2013, and processed by the mobile crime unit. The car had sustained damage to the rear bumper, minor scratches on the body, and required new keys. Zerbato picked the car up from the repair shop on February 19, 2013. (T.T. 29-30, 47, 60, 64-65). Zerbato immediately realized that there were items in the car that were not hers, and items of hers that were missing. She called City of Pittsburgh Detective Edward Synkowski, and at his request drove the car to the mobile crime unit for additional processing. (T.T. 30, 47). Detective Synkowski located two CD's that were not Zerbato's. Within the glove box, he recovered a box belonging to Zerbato that was missing a personalized flask. (T.T. 30-31, 42, 47). The two CD's and the flask box were submitted for fingerprint processing. (T.T. 48, 73).

The CD's did not have any prints of value, but one print from the box was identified as belonging to Appellant. (T.T. 48, 73-75, 85-86, 88, 97-100). Detective Synkowksi created a photo array containing Appellant's picture, and Zerbato was given the opportunity to view the photo array.[5] Zerbato immediately identified Appellant from the photo array as the individual who robbed her at gunpoint. (T.T. 33, 48-50). Appellant was arrested and charged as noted hereinabove.

---

[5] It is unclear on what date the photo array was actually shown to Zerbato. Detective Synkowski testified that he showed the photo array to Zerbato on May 8, 2013, and also stated that the date he showed her the same photo array was on May 28, 2013. (T.T. 49, 57).

## DISCUSSION

### I.

Appellant alleges in his first claim that the evidence was insufficient to sustain his conviction of robbery based on the argument that the evidence failed to prove beyond a reasonable doubt that Appellant committed the robbery. This claim is without merit.

The standard of review for sufficiency of the evidence claims has been stated thusly:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Gray*, 867 A.2d 560, 567 (Pa. Super. 2005). Here, Appellant alleges that the evidence was insufficient to sustain his conviction based on the

argument that the Commonwealth failed to establish that he was the individual who robbed Zerbato. He does not otherwise challenge that the elements of the crime were established. In that regard, the Superior Court has held:

> The law is well settled that a sufficiency argument that is founded upon a mere disagreement with the credibility determinations made by the fact finder, or discrepancies in the accounts of the witnesses, does not warrant the grant of appellate relief, for it is within the province of the fact finder to determine the weight accorded to each witness' testimony and to believe all, part, or none of the evidence introduced at trial.

*Commonwealth v. Johnson*, 910 A.2d 60, 65 (Pa. Super. 2006) (citations and quotations omitted).

Concerning the identification issue, the jury heard and considered testimony from Jennifer Zerbato, Detective Edward Synkowski, and criminalist/fingerprint expert Wayne Reutzel. This evidence established that: (1) Appellant approached Jennifer Zerbato at 7:30 PM on January 26, 2013, and asked her for the time; (2) Zerbato told Appellant the time, and looked up into his face; (3) Appellant pointed a gun at Zerbato and demanded her wallet and her keys; (4) Zerbato looked Appellant in the face for at least 30 seconds; (5) Appellant was standing three feet away from Zerbato, on a well-lit street, with nothing obstructing his face; (6) Appellant and Zerbato maintained eye contact throughout most of the robbery; (7) Zerbato provided a description of Appellant to the police that evening; (8) when shown a photo array, Zerbato immediately and without equivocation identified

Appellant as the individual who robbed her; (9) Zerbato identified Appellant as the perpetrator both at the preliminary hearing and at Appellant's jury trial; and (10) fingerprint analysis of the box which contained a flask stolen from within Zerbato's vehicle matched Appellant's fingerprints. (T.T. 22-26, 28-31, 33-34, 37, 43, 48-50, 87-88, 99-100).

This evidence was sufficient to establish beyond a reasonable doubt that Appellant was the individual who robbed Zerbato. *See Commonwealth v. Patterson*, 940 A.2d 493, 500-502 (Pa. Super. 2007) (evidence sufficient to establish that defendant was the individual who committed the crimes where the victim testified positively and without qualification that defendant was the perpetrator).

Appellant's claim is without merit.

## II.

Appellant alleges in his second claim that the evidence was insufficient to sustain his conviction of robbery of a motor vehicle based on the argument that the Commonwealth failed to prove that: (A) Appellant was the individual who took the vehicle; (B) Jennifer Zerbato owned the vehicle; and (C) that the individual who took the vehicle knew or believed that Zerbato owned the vehicle. This claim is without merit.

## A.

Appellant first alleges that the evidence was insufficient to establish that Appellant was the individual who committed the robbery of Zerbato's motor vehicle. As discussed at length hereinabove, and presently incorporated by reference, the evidence educed at trial was sufficient to establish that Appellant was the individual who robbed Zerbato and stole her vehicle. *See supra* pp. 9-11. This claim is without merit.

## B.

Appellant specifically argues that the Commonwealth failed to prove that Zerbato owned the vehicle. A person commits robbery of a motor vehicle if "he steals or takes a motor vehicle from another person in the presence of that person or any other person in lawful possession of the motor vehicle." 18 Pa. C.S. § 3702(a). Contrary to Appellant's assertion, at the very beginning of Zerbato's testimony, she told the jury that she owned a 2012 Mazda 3, which was the vehicle that Appellant stole from Zerbato on January 26, 2013. (T.T. 21-22). To-wit, the following exchange occurred during Zerbato's direct examination:

Q: Ms. Zerbato, do you own a vehicle?
A: Yes, I do.
Q: What kind of vehicle is that?
A: It's a 2012 Mazda 3.
Q: Did you own that vehicle in January of last year?
A: Yes.

(T.T. 21-22). Appellant's claim fails as the Commonwealth, at the very outset of its case, established that Zerbato owned the vehicle that was stolen. *Commonwealth v. Spotz*, 47 A.3d 63, 108 n.34 (Pa. 2012) (claims deemed meritless where assertions therein are not explained, developed, or supported by the record factually or legally). Appellant's claim is without merit.

## C.

Appellant alleges that the evidence was insufficient to sustain his conviction of robbery of a motor vehicle because the Commonwealth failed to establish that the individual who robbed Zerbato knew or believed that Zerbato owned the vehicle. The Court notes that this is not an element of robbery of a motor vehicle. Nonetheless, the evidence established at trial that Appellant approached and robbed Zerbato at gunpoint mere seconds after she parked her vehicle, closed the driver's door, and stepped into the street; subsequently demanding her keys. (T.T. 22-23). Certainly this evidence was sufficient to establish that Appellant should have known that Zerbato owned or was in lawful possession of the vehicle he took from her at gunpoint. *Spotz*, 47 A.3d at 108 n.34 (claims deemed meritless where assertions therein are not explained, developed, or supported by the record factually or legally). Appellant's claim is without merit.

## III.

Appellant alleges in his third claim that the evidence was insufficient to sustain his conviction of theft from a motor vehicle based on the argument that the Commonwealth failed to prove beyond a reasonable doubt that: (A) Appellant was the individual who took the vehicle; (B) Appellant removed certain items from the vehicle after it was taken; (C) whoever stole the car did so while aware of the presence of certain items within the vehicle, or with the hope that such items existed; and (D) whoever stole the vehicle did so intending to take possession of certain items within the car, in addition to the car itself. Appellant further argues that stealing the vehicle does not *per se* mean that this individual also stole the items from within the vehicle, and that the Commonwealth failed to prove that the individual who took the vehicle also voluntarily possessed the items therein. These claims are without merit.

## A.

Appellant first alleges that the evidence was insufficient to establish theft from a motor vehicle based on the argument that the Commonwealth failed to establish that Appellant was the individual who took the vehicle. Again, as noted above, and incorporated here by reference, the evidence produced at trial was sufficient to establish that Appellant was the individual who stole Zerbato's vehicle. *See supra* pp. 9-11. Appellant's claim is without merit.

14

## B.

Appellant next alleges that the evidence was insufficient to sustain his conviction of theft from a motor vehicle because the Commonwealth failed to prove beyond a reasonable doubt that Appellant removed certain items from the vehicle after it was taken.

A person commits theft from a motor vehicle if "he unlawfully takes or attempts to take possession of, carries away or exercises unlawful control over any moveable property of another from a motor vehicle with the intent to deprive him thereof." 18 Pa. C.S. § 3934(a).

As noted hereinabove, the evidence was sufficient to establish that Appellant was the individual who took Zerbato's vehicle. *See supra* pp. 9-11. Contrary to Appellant's assertion, the evidence established that: (1) Zerbato had an unopened box containing a flask within her glove compartment on the evening of January 26, 2013; (2) after Appellant took unlawful possession of Zerbato's vehicle, the box was opened and the flask was removed from Zerbato's vehicle; (3) Appellant's fingerprints were found on the previously unopened box that had contained the flask; and (4) the flask was never returned to Zerbato. (T.T. 30-32, 35, 48, 74-75). This evidence was sufficient to establish that Appellant committed theft from a motor vehicle. *See Commonwealth v. Robinson*, 33 A.3d 89, 94-95 (Pa. Super. 2011) (evidence sufficient to sustain conviction of theft by unlawful taking where

15

victim's testimony established that victim kept jewelry in her bedroom, jewelry was undisturbed prior to defendant entering the bedroom, defendant was the only other person with access to the bedroom, and the jewelry was missing after defendant left the bedroom).

Appellant's claim is without merit.

## C.

Appellant alleges that the evidence was insufficient to sustain his conviction of theft from a motor vehicle because the Commonwealth failed to prove beyond a reasonable doubt that: (1) whoever stole the car did so while aware of the presence of certain items within the vehicle, or with the hope that such items existed; and (2) whoever stole the vehicle did so intending to take possession of certain items within the car, in addition to the car itself. However, robbery of a motor vehicle and theft from a motor vehicle are two separate offenses. The evidence, as outlined hereinabove and incorporated here by reference, was sufficient to independently establish that Appellant stole Zerbato's vehicle at gunpoint, and subsequently stole the flask from within her vehicle. *See supra* pp. 9-11, 15. Appellant's claim is without merit.

## D.

Appellant next alleges that the evidence was insufficient to sustain his conviction of theft from a motor vehicle because stealing the vehicle does not *per*

16

*se* mean that individual also stole the items from within the vehicle, and that the Commonwealth failed to prove that the individual who took the vehicle also voluntarily possessed the items therein. While the theft of the vehicle does not automatically mean that Appellant stole the items from within the vehicle, a reasonable inference arises in this circumstance that Appellant also committed the theft. The evidence presented at trial, most importantly Appellant's fingerprints on the flask box, detailed hereinabove and incorporated presently by reference, was sufficient to establish the separate offense of theft from a motor vehicle. *See supra* p. 15. Appellant's claim is without merit.

## IV.

Appellant alleges in his fourth claim that the Trial Court erred in denying Appellant's motion for a new trial. Appellant did not state in his 1925(b) statement of errors complained of on appeal on what grounds the verdict was against the weight of the evidence. Rather, Appellant included the following footnote in his concise statement:

> Appellant respectfully incorporates into this claim of error the points covered (a) in five paragraphs appearing on the first page-and-a-half of his January 28, 2015 Post-Sentence motion, and (b) in that portion of the PSM, appearing on the fourth and fifth pages of that motion, that follows the heading "The Verdicts Rendered were Contrary to the Weight of the Evidence ..." For the court's convenience, a copy of the PSM is appended to this Statement.

17

Appellant's Concise Statement of Errors, n.1. A defendant's 1925(b) statement should include a concise statement of errors to be raised on appeal, without reference to other documents. *Commonwealth v. Dodge*, 859 A.2d 771, 774 (Pa. Super. 2004) (vacated on other grounds). Where a concise statement is too vague or does not include the errors to be complained of on appeal, the issues will be considered waived. *Commonwealth v. Smith*, 955 A.2d 391, 393 (Pa. Super. 2008). As such, Appellant's claim in this regard is waived.

Nonetheless, because the Trial Court ruled on Appellant's post sentence motion, it is familiar with Appellant's previous argument and will address it presently for the convenience of the Superior Court. In Appellant's post-sentence motion, he raised several claims in support of his argument that the verdicts rendered were contrary to the weight of the evidence. Succinctly stated, Appellant challenged the credibility of Zerbato's identification of Appellant as the individual who robbed her, noting that his mother's testimony established that he only used jitneys for transportation, and had braces and facial hair at the time of the robbery, and the crime lab failed to locate Appellant's fingerprints on the car itself. These claims are without merit.

As noted hereinabove, the jury heard testimony from Zerbato regarding her identification of Appellant, including her description of the actor on the night of the robbery, her immediate selection of Appellant from a photo array, her

identification of Appellant at the preliminary hearing, and her unwavering identification of Appellant at the jury trial. *See supra* pp. 9-11. Appellant alleges that this identification evidence was inconsistent, and conflicted with the testimony of his mother, Dawniece Mills. The jury had the opportunity to evaluate the testimony of Zerbato and Mills. The jury clearly found Zerbato's identification of Appellant credible, notwithstanding Mills's testimony or any perceived inconsistencies in Zerbato's description of Appellant's build. The jury clearly determined that the fact that Appellant was wearing braces at the time of the robbery or may have had facial hair did not render Zerbato's identification unreliable. Zerbato consistently testified that she was focused on Appellant's eyes, and recognized him based on his eyes. (T.T. 23-26, 33-34, 37).

Furthermore, Appellant's claim that there was a lack of physical evidence linking Appellant to the crime does not render the verdict against the weight of the evidence. While the crime lab did not locate usable prints on the car itself, Zerbato consistently identified Appellant as the individual who robbed her, and Appellant's fingerprints were found on the flask box within Zerbato's glove compartment.

Thus, the Trial Court did not abuse its discretion in denying Appellant's Motion for New Trial. *See Commonwealth v. Forbes*, 867 A.2d 1268, 1273-1274 (Pa. Super. 2005) (verdict not against the weight of the evidence where victim never wavered in identification of defendant as individual who assaulted him, and

physical evidence corroborated victim's testimony); *see also Commonwealth v. Trippett*, 932 A.2d 188, 198-199 (Pa. Super. 2007) (it is outside the purview of the Superior Court's review to rule on the credibility of witnesses).

Appellant's claim is without merit.

## V.

Appellant alleges in his fifth claim that the Trial Court abused its discretion and imposed excessive sentences for robbery and robbery of a motor vehicle. Specifically, Appellant alleges that his consecutive guidelines-range sentences are excessive because the totality of the circumstances rendered application of guidelines-range sentences unreasonable. This claim is without merit.

Prior to sentencing Appellant, the Trial Court in fact amended the sentencing guidelines to remove the deadly weapon enhancement, thus lowering the applicable sentencing guideline ranges.[6] Contrary to Appellant's claim, the record

---

[6] Appellant's original sentencing guidelines, taking into account the deadly weapon enhancement, were as follows:

> Robbery – 28 months in the mitigated range, 40-54 months in the standard range, and 66 months in the aggravated range;
> Robbery of a Motor Vehicle – 18 months in the mitigated range, 30-42 months in the standard range, and 54 months in the aggravated.

There was discussion on the record at Appellant's sentencing hearing regarding the appropriate guidelines to be considered, which was resolved to Appellant's benefit. (Sentencing Transcript (hereinafter "S.T."), January 21, 2015, at 9-10, 32-33). Instead of applying the original guidelines, the Trial Court instead considered the following guidelines, which were calculated without the deadly weapon enhancement:

clearly establishes that the Trial Court considered the totality of the circumstances prior to sentencing Appellant to periods of incarceration in the standard range of the sentencing guidelines. The Trial Court considered Appellant's presentence report, and further stated that:

> The Court has considered the arguments of counsel, the statements made on behalf of the defendant, Mr. Rutherford, the statement of the victim in this matter. Obviously there is much of emotion on both sides of the aisle here. The circumstances of this incident left Ms. [Z]erbato in a circumstance that will impact her for the rest of her life. She has detailed that through the Court in that three-page typed statement indicating that the effects of her even carrying on her daily life, going back and forth to work, sleeping at night just has had a profound and abhorrent effect on her.
>
> The Court recognizes the age of the defendant, the support that he has from his mother, the challenges that she faced in raising him and he faced himself, statements made on his behalf by members of the community. The Court notes the absence of a criminal history which is reflected in the presentence report, of course, the prior record score, I should say, and the number of letters and the testimony again the Court heard today. These are difficult circumstances when the person comes in front of the Court at such a young age with the absence of a criminal history and there is - - you have the circumstance like this. This is not just another case for the Court because it's difficult when I look out into the civilians and I see his mother weeping in effect, and on the other hand, I look to my right and I see the victim who had a gun to the back of her head and forever will have that etched in her memory. These are difficult circumstances that confront the Court. Taking into account the background of this particular

---

Robbery – 10 months in the mitigated range, 22-36 months in the standard range, and 48 months in the aggravated range;

Robbery of a motor vehicle – restorative sanctions in the mitigated range, 12-24 months in the standard range, and 36 months in the aggravated range.

defendant, the rehabilitative needs, the potential and the severe profound and enduring emotional, physical and financial impact on the victim, the Court believes a period of incarceration is, in fact, called for. The Court cannot in good conscience sentence him consistent with the wishes of the victim to a period of 20 or 40 years, of course, which would be the maximum sentence. At counts 1 and 2, however, the Court will sentence him consistent with the gravity of the offense and the impact of the crime on the victim, taking into account, again, the mitigating factors that were represented upon his behalf, that a lengthy period of state incarceration amounting to warehousing him is contraindicated.

Sentencing Transcript, January 21, 2015, at 33-35.

The record cited hereinabove clearly demonstrates that the Trial Court considered all the appropriate and statutorily mandated factors, and sentenced Appellant consistent with the Court's function and obligation in that regard. 42 Pa. C.S. § 9721(b) ("protection of the public, gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant"); *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004) (where a pre-sentence report is reviewed, it is presumed that the sentencing court considered and weighed all required factors, and trial court did not abuse its discretion in sentencing defendant to an aggregate sentence of twenty-six to one hundred years for two robberies, conspiracy to commit robbery, and burglary).

Appellant's claim is without merit.

## VI.

Appellant alleges in his sixth claim that the Trial Court abused its discretion in imposing consecutive sentences at robbery and robbery of a motor vehicle. This claim is without merit.

Generally, the decision of whether to run sentences concurrently or consecutively lies in the sound discretion of the sentencing court. *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995). A challenge to the decision to sentence consecutively rather than concurrently will only raise a substantial question where that decision "raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Dodge*, 77 A.3d 1263, 1269 (Pa. Super. 2013). Appellant was convicted of robbery, robbery of a motor vehicle, and theft from a motor vehicle for the armed robbery of Jennifer Zerbato. He was sentenced to an aggregate term of incarceration of three years six months to seven years, followed by two years probation. In so sentencing, the Trial Court considered several factors, including: (1) the sentencing guidelines; (2) a presentence report; (3) statements made on Appellant's behalf by his family and members of the community; (4) Appellant's statement at the time of sentencing; and (5) the statement of the victim and the impact of the crime on her. Appellant has not set forth a plausible argument that his aggregate sentence is *prima facie* excessive

given the violent criminal conduct at issue, and thus Appellant has failed to raise a substantial question.[7] *See Commonwealth v. Marts*, 889 A.2d 608, 611-613 (Pa. Super. 2005) (defendant failed to raise substantial question that the trial court abused its discretion in sentencing defendant consecutively, as aggregate sentence of ten to twenty years was not excessive for three robberies involving a firearm and one robbery involving a baseball bat).

Appellant's claim is without merit.

## VII.

Appellant alleges in his final claim that the Trial Court abused its discretion in denying Appellant's post sentence motion seeking a reduction in his sentence. As with Appellant's fourth claim, Appellant again did not state how the Trial Court erred. Rather, Appellant included the following footnote in his concise statement:

> Appellant respectfully incorporates into this claim of error the points covered (a) in the five paragraphs of his January 28, 2015 Post-Sentence Motion found on the first page-and-a-half of that motion, and (b) in that portion of the PSM that follows the heading "Motion to Modify Sentence" (running from on the bottom half of the second page through the entire third page of that motion).

Appellant's Concise Statement of Errors, n.2. A defendant's 1925(b) statement should include a concise statement of errors to be raised on appeal, without

---

[7] Appellant was sentenced within the standard range of the guidelines and within the statutory limits on both the charge of robbery and robbery of a motor vehicle. *Commonwealth v. Peay*, 806 A.2d 22, 29 (Pa. Super. 2002) (challenge to excessiveness will not raise a substantial question when sentenced within statutory limits).

24

reference to other documents. *Dodge*, 859 A.2d at 774. Where a concise statement is too vague or does not include the errors to be complained of on appeal, the issues will be considered waived. *Smith*, 955 A.2d at 393. As such, Appellant's claim in this regard is waived.

Nonetheless, as the Trial Court had the opportunity to review Appellant's post sentence motion, it will address the arguments raised therein, even though Appellant failed to raise them in his concise statement. In Appellant's post sentence motion, he alleged that the Trial Court abused its discretion when it failed to consider mitigating factors, and instead focused on the seriousness of the crime.[8] A substantial question is raised when a defendant alleges that the sentencing court failed to take into consideration certain statutory factors before sentencing a defendant. *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012). A sentence will be deemed unreasonable if a sentencing court fails to consider certain statutory factors before sentencing a defendant. 42 Pa. C.S. 9721(b) ("protection of the public, gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant").

Contrary to Appellant's claim, the record clearly establishes that at sentencing the Trial Court heard testimony from Appellant and six witnesses on his

_____

[8] Appellant also alleged in his post sentence motion that the sentencing guidelines were wrong. However, the guidelines were amended at defense counsel's request at Appellant's sentencing hearing, and Appellant was sentenced within the standard range of the amended guidelines on both counts. Regardless, Appellant raised the inapplicability of the sentencing guidelines in his fifth claim on appeal, and was discussed hereinabove. *See supra* pp. 20-22.

25

behalf, as well as from the victim in this case. Furthermore, as detailed hereinabove, the Trial Court considered all relevant factors prior to sentencing Appellant. *See supra*, pp. 20-21. As the record cited hereinabove clearly establishes, the Trial Court properly considered all statutory factors prior to sentencing Appellant, and thus did not abuse its discretion in sentencing Appellant as it did. *Boyer*, 856 A.2d at 154 (where a pre-sentence report is reviewed, it is presumed that the sentencing court considered and weighed all required factors, and trial court did not abuse its discretion in sentencing defendant to an aggregate sentence of twenty-six to one hundred years for two robberies, conspiracy to commit robbery, and burglary). Clearly the record demonstrates that Appellant was sentenced reasonably, if not leniently, in this instance.

Appellant's claim is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of sentence imposed by this Court should be affirmed.

By the Court,

DATE: MARCH 15, 2016

_____,J.

Edward J. Borkowski

26